UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. KEELER,

    Plaintiff,

v().                                    Case No.: 2:21-cv-141-SPC-NPM

ANTONIO HUGHLEY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant Michael Antonio Hughley's Motion for Summary Judgment (Doc. 65) and Plaintiff Edward J. Keeler's Response (Doc. 70). This is a civil-rights case. Keeler is a prisoner of the Florida Department of Corrections. His second amended complaint asserted claims for deliberate indifference to a serious medical need and deliberate indifference to his safety. The Court dismissed the first claim for failure to exhaust administrative remedies but declined to dismiss the second claim. (Doc. 47).

## Background

The relevant facts are unrefuted. On April 3, 2020, officers found a mobile phone during a shakedown of the cell shared by Keeler and another inmate named Leroy Morant. The inmates met with Lieutenant Dooley, the officer in charge, and both denied they owned the phone. Morant wanted

Keeler to take the blame, but he refused. The two men engaged in a "heated argument," and Dooley had them separated and taken to confinement. ([Doc. 65-2 at 7](#)).

On April 4, 2020, one or two unknown officers escorted Keeler and Morant back to their dorm. During the walk, Morant threatened to stab Keeler because he did not take responsibility for the phone. When they arrived at the dorm, Morant was returned to their cell first. Hughley, the sergeant in charge of the dorm, told Keeler to get in the cell. According to Keeler's deposition, he told Hughley, "no, sir, Serg, I can't go in that room because I have a problem with him, Inmate Morant, about that cell phone, that D.R." ([Doc. 65-2 at 8](#)). Hughley responded, "Inmate, this ain't no mother fucking Holiday Inn. You are going to that cell." ([Doc. 65-2 at 8](#)). Hughley then pushed Keeler into the cell, removed his handcuffs and shackles, and left. Later in Keeler's deposition, he clarified what he told Hughley: "I didn't tell him he has threatened to kill me or anything. I just told him I have a problem with him and I can't go in there with him because of the cell phone." ([Doc. 65-2 at 11](#)).

Immediately after Hughley left, Morant and Keeler began arguing and throwing punches. They fought for about 20 minutes until Morant lifted Keeler and threw him onto the ground. X-rays confirmed that Keeler suffered a broken hip.

Keeler claims Hughley was deliberately indifferent to his safety in violation of the Eighth Amendment. Hughley argues the claim should be dismissed because Keeler cannot prove Hughley had a culpable state of mind.

**Legal Standard**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d

3

739, 743 (11th Cir. 1996). If the moving party demonstrates entitlement to judgment as a matter of law, the non-moving party must establish each essential element to that party's case. *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 524 (1994).

## Discussion

The Eighth Amendment's "prohibition on cruel and unusual punishments requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "But that does not mean that prison officials are liable for every act of inmate-on-inmate violence." *Daniels v. Felton*, 823 F. App'x 787, 789 (11th Cir. 2020). A plaintiff must demonstrate three elements to establish a failure-to-protect claim: (1) prison conditions posing a substantial risk of serious harm; (2) a prison official's deliberate indifference to that risk; and (3) causation. *Cox*, 15 F.4th at 1358.

For the purposes of his summary judgment motion, Hughley concedes the first element, but he challenges the second and third elements. The second element—deliberate indifference—requires: "(1) the defendants' subjective knowledge of the risk of serious harm; (2) disregard of that risk; and (3) conduct that amounts to more than mere negligence." *Daniels*, 823 F. App'x at 789. To be liable, a defendant "must both be aware of the facts from which the inference

could be drawn that a substantial risk of serious harm exists, and also draw the inference." *Marbury*, 936 F.3d at 1233 (cleaned up).

In cases like this, when an inmate relies on self-reporting, the level of specificity is critical. It is not enough for an inmate to inform an official of the possibility of serious harm; the inmate must provide enough information for the official to conclude that a substantial threat exists. *Id.* at 1236. Here, Keeler informed Hughley that he had a "problem" with Morant because of a pending disciplinary report. But Keeler did not tell Hughley that Morant threatened him or that his "problem" with Morant involved a risk of serious physical harm. And Keeler does not present any other evidence of facts from which Hughley could infer such a risk. While it is undisputed that Dooley had Keeler and Morant separated on April 3, 2020, because they argued about the phone, there is no evidence that Hughley knew the reason for their segregation. And even if he did, the fact that Keeler and Morant got into a verbal argument the day before would not compel Hughley to anticipate a risk of physical violence when they returned to their cell.

The Eleventh Circuit has "observed that a vague statement like 'I have a problem with another inmate in this compound,' absent some information 'about the nature of the anticipated risk,' would not have created a genuine issue of fact regarding deliberate indifference to a substantial risk of serious harm." *Id.* at 1237 (quoting *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611,

5

619 n.15 (11th Cir. 2007). Because Keeler presents no evidence that Hughley had knowledge of the nature of the anticipated risk, he cannot establish deliberate indifference. To be sure, the outcome would be different if Keeler told Hughley that Morant threatened to stab him, but merely stating that he had a problem with Morant was too vague.

Keeler also argues the Court should not grant summary judgment because Hughley did not answer all his discovery requests. Rule 56(d) allows courts to "'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order 'if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021) (quoting Fed. R. Civ. P. 56(d)). To invoke Rule 56(d), a party "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (citation and quotation marks omitted).

Keeler complains, for the first time, that Hughley's counsel did not send him the video and audio tapes he requested. Keeler has not raised this issue with the Court before, and the discovery deadline was April 28, 2023. As the Court warned in its scheduling order, it "may deny as untimely motions to compel filed after the discovery deadline." (Doc. 51 at 1). Thus, Keeler fails to

show that he could obtain the recordings if the Court deferred the summary judgment motion. What is more, Keeler does not explain how the recordings would justify denial of summary judgment. This case hinges on Keeler's exchange with Hughley just before Hughley forced Keeler into the cell with Morant. Keeler's account of that exchange has not been rebutted, and the Court accepts it as true. A recording confirming Keeler's account thus would not change the Court's analysis, and Keeler does not claim a recording would reveal any other facts showing Hughley had subjective knowledge of the risk Keeler faced.

In sum, Keeler has not presented evidence sufficient to prove the subjective component of his deliberate indifference claim. Nor has he shown he could obtain such evidence given more time. Because Keeler cannot prove a necessary element of his claim, no reasonable jury could return a verdict in his favor, and Hughley is entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

Defendant Michael Antonio Hughley's Motion for Summary Judgment ([Doc. 65](Doc. 65)) is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 19, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record